**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ROBERT M. ROSS,

        Plaintiff,

vs.

STEPHEN BROWN, *et al.*,

        Defendants.

2:14–cv–310–RCJ–VCF

**ORDER**

This matter involves Plaintiff Robert M. Ross' securities fraud and civil RICO action against Stephen Brown, his wife, Mary Brown, and their company, UMII Holdings, a Hawaiian Corporation. (*See* Compl. (#1) at 2, 5, 9[1]). Before the court is Ross' *ex parte* application for an order appointing a special process server (#9). For the reasons stated below, Ross' motion is denied.

**DISCUSSION**

Ross' motion presents one question: whether the court should appoint a special process server to serve three Defendants who allegedly reside in North Yorkshire, England. The motion is denied for four reasons. First, Ross improperly filed the motion as an *ex parte* motion. As defined by Local Rule 7-5(a), an *ex parte* motion is a motion "filed with the Court, [that] is not served upon the opposing or other parties." *See* LR 7-5(a). The purpose of an *ex parte* motion is to allow one party to privately communicate with the court. For this reason, *ex parte* motions must "contain a statement showing good cause why the matter was submitted to the Court without notice to all parties." LR 7-5(b).

---

[1] Parenthetical citations refer to the court's docket.

1

Ross argues that the motion was submitted *ex parte* because "defendant has no [*sic*] appeared in this case." (Pl.'s Mot. for Appt. (#9) at 3:6–7). This was inappropriate. A motion should be made on an *ex parte* basis because the movant does not want opposing counsel to be served with the motion, not because the movant cannot serve opposing counsel with the motion. Once Defendants appear, they will be served with the prior filings in the court's docket. However, by filing the request for appointment of a special process server on an *ex parte* basis, Defendants will never be served with this document. *See* BLACK'S LAW DICTIONARY (9th ed. 2009), *ex parte* motion ("[A] motion that a court considers and rules on without hearing from all sides"). This would be inappropriate. Whether service of process is appropriately executed is a matter that affects Defendants' due process rights under the Constitution. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)) (stating that personal jurisdiction over a defendant is conferred by compliance with Rule 4). When Defendants appear, they must be afforded an opportunity to challenge service if they believe that service was not executed in accordance with the Constitution's "traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

Second, Plaintiff's Counsel violated the court's local and ethical rules by using the affidavit of John Pierceall—who is not authorized to practice law[2]—as a vehicle to proffer legal arguments in support of Ross' motion. Only licensed attorneys may practice law. *See* NEV. REV. STAT. §§ 7.030 *et seq.*; NEV. SUP. CT. R. 49S.C.R. 49; *Baird v. State Bar of Arizona*, 401 U.S. 1 (1971). Similarly, attorneys may not "[a]ssist another person in the unauthorized practice of law." NEV. R. PROF. CONDUCT

---

[2] Pierceall's declaration states, "I am a staff attorney for Ancillary Legal Corporation." (Pierceall Decl. (#10) at 2:5–6). However, a review of the state bar records for the states of Nevada, where this action is pending, Georgia, where Pierceall works and resides, and Minnesota, where Pierceall was admitted in 1973, demonstrate that Pierceall is currently unauthorized to practice law.

2

5.5(a)(2). Laypeople, and attorneys who assist laypeople, may be civilly liable for the unauthorized practice of law. *See* NEV. REV. STAT. § 7.285; *see also* LR IA 10-1, 10-2 (stating that practicing law in federal court is a privilege that may be revoked).

The unauthorized practice of law occurs where an unlicensed individual "offers 'advice or judgment about legal matters to another person for use in a specific legal setting.'" *In re Discipline of Lerner*, 124 Nev. 1232, 1238, 197 P.3d 1067, 1072 (Nev. 2008) (citing *People v. Shell*, 148 P.3d 162, 174 (Colo. 2006); *Sussman v. Grado*, 192 Misc.2d 628, 746 N.Y.S.2d 548, 552 (Dist.Ct.2002). Here, Plaintiff's Counsel assisted John Pierceall in the unauthorized practice of law. Plaintiff's Counsel's motion contains no citations to legal authorities and makes little—if any—legal arguments. (*See generally* Pl.'s Mot. for Appt. (#9) at 1–4). Instead, Plaintiff's Counsel "respectfully refer[s] the court to the attached declaration of John Pierceall for the showing of good cause for the appointment of counsel." (*Id.* at 4:19–22). The attached declaration by Pierceall, who is not licensed to practice law, cites law from various jurisdictions and makes legal arguments in support of Ross' request for relief. (*See* Pierceall Decl. (#10) at 3–6) ("Federal law provides . . ."). This is inappropriate. *See* NEV. REV. STAT. § 7.030; NEV. SUP. CT. R. 49S.C.R. 49; NEV. REV. STAT. § 7.285; *In re Discipline of Lerner*, 124 Nev. at 1238.

Third, Ross' legal arguments are meritless. Chief among Ross' meritless arguments is the contention that a special process server must be appointed because the "United Kingdom . . . is **not** a party to . . . the Hague Convention on Service Abroad." (Pierceall Decl. (#10) at 2:21–27) (emphasis added). The United Kingdom of Great Britain and Northern Ireland signed the Hague Service Convention on December 10, 1965 when the Convention first came into existence. November 1965, 20 U.S.T. 361–73 (the "Hague Convention"). A google search readily reveals this information in various forms. *See* SERVICE OF PROCESS: HAGUE CONVENTION ON SERVICE ABROAD, *available at*

http://www.usmarshals.gov/process/hague_service.htm (last visited at March 18, 2014); Comment, *Service of Process Abroad Under the Hague Convention*, 71 MARQ L. REV. 649, 650, n. 5 (1988) ("As of March 1988, thirty nations and various island-states were signatory parties to the Convention [including] . . . [the] United Kingdom").[3] There is no need the address Ross' remaining arguments.

Fourth, Ross' motion is factually deficient. Ross moves the court to appoint a special process server because Defendants allegedly reside somewhere in North Yorkshire. North Yorkshire is a county in England that occupies approximately 3,300 square miles. Plaintiff's Counsel must provide the court with more specific and reliable information, like an address, before the court will grant the relief requested. *See, e.g.*, *Haffner v. Sahin*, No. 13–cv–459–APG–VCF (#13) (D. Nev. Nov. 4, 2013) (Ferenbach, M.J.) (granting a motion to extend time for alternative service of process in the Republic of Turkey and permitting plaintiff's motion for service by email); *S.E.C. v. Banc de Binary*, No. 13–cv–993–RCJ–VCF (#55) (D. Nev. March 3, 2014) (Ferenbach, M.J.) (granting a motion for alternative service of process by email under the Hague Service Convention in Israel).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Ross' *ex parte* application for an order appointing a special process server (#9) is DENIED.

IT IS FURTHER ORDERED that the Declaration of John Pierceall (#10) is STRICKEN.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

---

[3] Even Wikipedia contains an entry with this information. *See* Hague Service Convention, WIKIPEIDA, http://en.wikipedia.org/wiki/Hague_Service_Convention.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IT IS SO ORDERED.

DATED this 19th day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE